White, J.
The offenses of grand and petit larceny in this state are created and defined by statute.
In regard to the former, the statute provides : That if any person shall steal any money, or other personal goods or chattels, the the property of another, of the value of thirty-five dollars or upward, the person so offending shall be demed guilty of larceny, and, upon conviction thereof, shall be imprisoned in the manner therein prescribed.
The provision in regard to the minor offense is : That if any person shall steal any money, or other goods and chattels of any kind whatever, of less value than thirty-five, dollars, the property of another, • • • • every person so offending, on conviction, shall make restitution to the party injured in twofold the value of the property, and be punished as therein provided.
Under the statute these are distinct offenses, though value is made an element of both. It is an essential element of the higher offense, that the the value of the property equal *thirty-five dollars; and of the lower, that the property be of less value.
In a strict legal view, it is immaterial, on the question of guilt as to the higher offense, how much the value of the property may exceed thirty-five dollars. If it equals in value that sum and the other necessary elements exist, the offense is consummated.
The indictment in the present case alleges the value of the property to be four hundred and eighty dollars. As respects the crime charged, the value alleged, above thirty-five dollars, is immaterial. The legal effect of the averment on the question of the guilt of the defendant is, that the value of the property equals thirty-five dollars.
And in regard to the sufficiency of the verdict, the general rule is, that a general verdict of guilty covers all the material averments constituting the crime charged.
The verdict in a criminal case is either general, on the whole charge, or partial as to part of the charge; as, where the jury convict the defendant on one or more counts of the indictment, and acquit him of the residue, or convict him on part of a divisible count, and acquit as to the residue; or special, where the facts of the *276 case alone are found by the jury, the legal inference to be derived from them being referred to the court. 1 Archbold’s Crim. Prac. & Prec. (side p.) 176; 1 Bishop on Criminal Procedure, sec. 832; 1 Chitty’s Crim. Law (side pp.), 636, 637.
No good reason is perceived why the effect that is given to a general verdict of guilty in other cases should not apply to larceny, where, as in this state, a given value is made an essential element in the crime, and where the legal effect of the verdict is the same, whether the value be more or less, provided it do not fall below what is required to constitute the crime. There is no difference in the legal effect of the verdict, under our statute, whether the value-be thirty-five dollars only, or any greater sum. In either case, it subjects the party to punishment by imprisonment in the penitentiary for such time, within the periods allowed by law, as the court in its discretion, under the circumstances of each case, may award. *A different rule has been held to prevail where no particular value was made a constituent element in the definition of the-crime; but by an independent statute or provision, the sentence, in case of conviction, was made to depend on the value of the property or judgment of restitution in value, in favor of the owner, was required to be rendered. In such cases it has been held to be necessary for the jury to find, in special words,’the value of the property stolen, in order to enable the court to pronounce the proper judgment. This -class of cases is founded on the peculiar character of local legislation, and we do not consider them as necessarily in conflict with the principle that where the nature of the charge is-such as to include crimes of lower grades, a general verdict of guilty is to be regarded as responding affirmatively, as a general verdict of not guilty undoubtedly does negatively, to all the averments necessary to constitute the crime of the highest grade charged.
To illustrate the distinction referred to, take for example a case of petit larceny under our own statute. On the question of the defendant’s guilt, it is wholly immaterial whether the value of the property be one or thirty-four dollars. If the value be under thirtjr-five dollars, the offense is complete, irrespective of the particular value. But in order to award the restitution which the statute authorizes, in twofold the value of the property stolen, the actual value of the property becomes material, and unless such. *277 value be found in the verdict, the judgment of restitution can not be rendered.
To the class of cases last referred to belong the cases of Highland v. The People, 1 Scam. 392, and Sawyer v. The People, 3 Gilman 53, cited on behalf of the plaintiff in error. Such, also, is the character of Lock v. The State, 32 N. H. 106.
The case of Ray v. The State of Iowa, cited from 1 Green, 316, we have not examined, not having had access to the volume containing it.
The distinction between grand and petit larceny existed at common law. If the value of the goods stolen was above twelve pence the offense was grand larceny; if the value was of twelve pence, or under, the offense was only petit larceny.
Hawkins says: “ If one be indicted for stealing goods of *the value of ten shillings, and the jury find specially that he is guilty, but the goods are worth but ten pence, he shall not have judgment of death, but only as for petit larceny.” 1 Hawk. P. C., book 1, chap. 19, sec. 2.
Again, the same author says : “ That it is agreed, that on an indictment for stealing goods of a certain value above twelve pence the jury may find the defendant guilty; but that the goods are but of the value of ten pence,” etc; 2 Hawk., bk. 2, chap. 47, sec. 6.
And in Hale’s Pleas of the Crown it is said: “ If A be indicted for larceny of goods to the value of fifty shillings, yet the petit jury may, upon the trial, find it to be but of the value of twelve pence, or under, and so petit larceny.” 1 Hale’s P. C. 530; 2 Id. 302.
In Chitty’s Criminal Law (vol. 3, 950) it is said : “ On the trial, the defendant may be acquitted of all aggravations, as stealing in a dwelling-house, robbery, etc., and found guilty of a simple felony; and, on an indictment for grand, may be indicted for petit larceny.”
These authorities clearly imply that a general verdict of guilty is a conviction of the whole offense charged; but that where the defendant has not been guilty to the extent of the charge, he may be found guilty as far as the evidence warrants, and be acquitted as to the residue.
This view of the effect of a general verdict of guilty, accords with the opinions of all the judges in the cases of Dick v. The State, and of Park v. The State, 3 Ohio St. 90, 101.
The distinguishing feature'of these cases was, that the statute required the jury, in their verdict, to- ascertain the degree of homi *278 cide of which the defendants were guilty. All concurred in the opinion, that, in the absence of the statute, the general verdict of guilty would have convicted the defendants of the highest degree of homicide.
But in this country a number of reported cases are found in which the same effect has been given to a general verdict of guilty in cases of larceny as is given to it in the case of other offenses.
In Commonwealth v. Stebbins (8 Gray, 492), the indictment was for the larceny of “ sundry bank-bills current within said commonwealth, ^amounting to the sum of two hundred and ten dollars, and of the value of two hundred and ten dollars, and one gold coin current within said commonwealth, of the denomination of two dollars and fifty cents, and of the value of two dollars and fifty cents, of the goods and chattels and money of one Patrick Dorsay,” etc., the verdict as recorded was in this form: “ Guilty, except as to so much of the indictment as relates to one gold coin j and not guilty as to so much thereof as relates to said gold coin.”
This verdict was objected to by the defendant, but the objection was overruled, as was a motion in arrest, and judgment was rendered on the verdict, which was affirmed by the Supreme Court. There was no special finding in the verdict, of the value of the bank-bills of the larceny of which the defendant was convicted. The verdict was simply a general one of guilty, as to the bank-bills, and of acquittal, as to the coin, and must have been held to-imply a finding, by the jury, of value to the extent necessary to' constitute grand larceny under the Massachusetts statute.
Clifton et al. v. The State (5 Blackf. 224), was a case in which, like the one before us, the indictment charged the defendant with stealing several articles of personal property, and alleged their aggregate value to be two hundred and fifty dollars, but did not specify the value of any one article. There was a general verdict of guilty, and judgment on the verdict; and it was held that the defendant was convicted of stealing all the articles mentioned in the indictment; and that, in such ease, the statement of one value to all the articles stolen is sufficient.
In Wilborn v. The State of Mississippi (8 S. & M. 345), it was held that if a prisoner, tried on an indictment of two counts, each charging the offense of grand larceny, which, under the statutes of that state, was theft of an article of greater value than twenty dollars, be found guilty generally, without the assessment, by the jury, *279 of the value of any of the articles alleged to be stolen, the verdict will be sufficient to warrant a sentence and judgment for the crime of grand larceny, notwithstanding the jury might, under the indictment, have found a verdict of petit larceny.
*See also Poindexter v. Commonwealth, 6 Rand. 668; and Jones v. The State, 13 Ala. 153.
The case last named was an indictment for petit larceny, and the' jury failed to find the value of the property stolen. This was held to be erroneous, but that it was not an error of which the defendant could complain. It was said the omission had no effect upon his guilt or innocence, but was only important as it related to restitution of the property stolen. That he was not required to restore the property, or that the jury had not, by their verdict, furnished the party aggrieved by reason of the larceny, with means of obtaining judgment, under their statute, for the value of his property, was no injury to the prisoner, and not having been injured ho could not complain.
The view we have taken of the effect of the general verdict of guilty, in the case before us, is approved by Bishop in his recent work on Criminal Procedure. See vol. 2, sec. 719; vol. 1, sec. 829.
It is proper to remark that, in the record before us, no exception appears to have been taken, on the tidal, on matters of evidence, or as to the charge of the court. It is therefore to be presumed that the evidence warranted the verdict, and that the jury was properly instructed. The sole question for determination is, whether the general verdict of guilty, without expressly finding the value of the property stolen, warranted the sentence. We are of opinion that it did.
The case of Barton v. The State (18 Ohio, 221), was peculiar in its facts. The question decided in this case was not necessarily involved in that, and, so far as the opinion delivered in that case conflicts with the present holding, it is qualified.

Judgment of the common pleas affirmed.

Day, C.J., and Welch, Brinkerhoee, and Scott, J.J., concurred.